**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ANTHONY and GLADYS FLEETWOOD, husband and wife; et al., | No. 10-35922 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-00152-LRS |
| v. | MEMORANDUM[*] |
| STANLEY STEEMER INTERNATIONAL, |  |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted July 15, 2011
Seattle, Washington

Before: GILMAN,[**] CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

1.     The district court did not err in granting summary judgment to Stanley Steemer International on Appellants'[1] claim that Stanley Steemer breached the implied duty of good faith and fair dealing with regard to its contractual duty to provide advice, counseling, and management assistance.  The covenant of good faith cannot override the express terms of the parties' agreement.  It does not "obligate a party to accept a material change in the terms . . . [n]or does it inject substantive terms into the parties' contract."  *Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991) (internal quotation marks and citations omitted).  At most, Appellants have evidenced only that the advice Stanley Steemer provided was unsound.  *See In re Sizzler Rests. Int'l, Inc.*, 225 B.R. 466, 474-76 (Bankr. C.D. Cal. 1998) ("actual dishonesty" or actions outside accepted commercial practices required to show bad faith).  The franchise agreement expressly acknowledged that there were risks involved in purchasing a franchise and advised Appellants to seek outside advice.  There is no evidence in the record that Stanley Steemer knew that Fleetwood's franchise was "out of control" or "going to have problems."  Because Appellants have not pointed to any evidence that Stanley Steemer knew that the

---

[1] Appellants are Anthony and Gladys Fleetwood, Wolverine, Inc., and Rex and Lucinda Rozmus.

2

advice it gave was unsound or that it was given for the purpose of causing the franchises to fail, summary judgment was proper.

2.     Because, as Appellants acknowledge, Washington's Franchise Investment Protection Act's (FIPA) good faith requirement is similar to the duty of an implied covenant of good faith and fair dealing, the district court did not err in granting summary judgment to Stanley Steemer on this claim.

3.     A violation of FIPA's good faith requirement in Revised Code of Washington § 19.100.180(1) is not an unfair or deceptive practice under the Consumer Protection Act (CPA). *See* RCW § 19.100.180(2) (listing "unfair or deceptive act[s]") and § 19.100.190(1) (providing that "unfair or deceptive acts . . . prohibited by RCW 19.100.180" are violations of the CPA). Further, there is no violation of the CPA, because, as experienced businessmen, Appellants cannot demonstrate the required public interest. *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 635 (Wash. Ct. App. 1997).

4.     The district court did not err in granting summary judgment to Stanley Steemer on Appellants' fiduciary duty claims, because any fiduciary relationship was unambiguously disclaimed by the franchise agreement's express terms. A franchise relationship is not a traditional fiduciary relationship, *Corp v. Atl. Richfield Co.*, 860 P.2d 1015, 1022 (Wash. 1993) (en banc), and Appellants have

3

not shown "factual proof" of a fiduciary duty, *see Liebergesell v. Evans*, 613 P.2d 1170, 1176 (Wash. 1980).

**AFFIRMED.**